IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

QUINCEY LAMAR HILL,              )
                                 )
          Plaintiff,             )
                                 )
     v.                          )     1:16CV323
                                 )
STATE OF NORTH CAROLINA,         )
                                 )
          Defendant(s).          )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted what the Court treated as a civil rights action pursuant to 42 U.S.C. § 1983. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1. The filing fee was not received nor was a proper affidavit to proceed *in forma pauperis* submitted, with sufficient information completed or signed by Plaintiff, to permit review.

2. The Complaint is not on forms prescribed for use by this Court, nor is the information requested by such forms and necessary to process the Complaint pursuant to 28 U.S.C. § 1915A contained in Plaintiff's submission. See LR 7.1(e).

3. Plaintiff does not currently state any viable claim for relief. He claims that a North Carolina Supreme Court Justice discriminated against him on the basis of his race and gender through her rulings in his state criminal case. Plaintiff may be attempting to challenge his state court conviction. If so, he must do so by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He cannot raise claims under § 1983 that would necessarily undermine or call his conviction into question. Heck v. Humphrey, 512 U.S. 477 (1994). Finally, Plaintiff should be aware that judges are ordinarily immune from claims based on judicial actions. Stump v. Sparkman, 435 U.S. 349 (1978).

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 21st day of April, 2016.

                                      /s/ L. Patrick Auld
                                      **L. Patrick Auld**
                             **United States Magistrate Judge**