IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

QUINCEY LAMAR HILL,            )
                               )
        Plaintiff,              )
                               )
    v.                          )      1:16CV323
                               )
STATE OF NORTH CAROLINA,        )
                               )
        Defendant.              )

**ORDER**

This matter is before this court for review of the Recommendation filed on April 21, 2016, by the Magistrate Judge in accordance with 28 U.S.C. § 636(b). (Doc. 2.) In the Recommendation, the Magistrate Judge recommends that this action be filed and dismissed without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects set out in the Recommendation. The Recommendation was served on the parties to this action on April 21, 2016 (Doc. 3). Plaintiff timely filed objections (Docs. 4, 5) to the Recommendation.

This court is required to "make a de novo determination of those portions of the [Magistrate Judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This court "may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the [M]agistrate [J]udge. . . . [O]r recommit the matter to the [M]agistrate [J]udge with instructions." Id.

This court has appropriately reviewed the portions of the Recommendation to which objections were made and has made a de novo determination which is in accord with the Magistrate Judge's Recommendation. This court therefore adopts the Recommendation, and adds additional comments in response to Plaintiff's objections.

In addition to the objections, Plaintiff submitted additional filings purporting to amend his Complaint. (Docs. 6, 7, 8, 9, 10.) Plaintiff's proposed amendments do not correct the defects identified in the Recommendation. Accordingly, this court will dismiss this action notwithstanding the proposed amendments. However, in certain of the objections and filings, Plaintiff asks that this court "send the 2254 Habeas Form as [Plaintiff] will fill it out ASAP presenting [his] grounds of all corruption." (Doc. 4 at 4); see also Doc. 6 at 3, 5, 6.) Although Plaintiff subsequently indicated that "[he] will not file a 1983 civil action or 2254 petition on corruption conduct that has been presented because the conduct is criminal toward the Justice Administration" (Doc. 7 at 4), this court will instruct the Clerk to send Plaintiff the requested § 2254 forms.

Nevertheless, in light of Plaintiff's references to "[his] Sept[ember] 20, 2013 MAR that was illgally [sic] denied" (Doc. 6 at 4); see also, e.g., Doc. 5 at 4), this court directs Plaintiff's attention to 28 U.S.C. § 2244(d), which details the "1-year period of limitation [that] appl[ies] to [a § 2254] application for a writ of habeas corpus." 28 U.S.C. § 2244(d)(1). Finally, Plaintiff should be aware that non-governmental parties cannot litigate criminal complaints. See Breckenridge v. Thompson, Civil Action No. 7:08-cv-00243, 2008 WL 899225, at *1 (W.D. Va. Apr. 1, 2008) ("[Plaintiff] had no right to institute criminal prosecution against the individuals accused in those complaints. The discretionary decision whether to bring and prosecute criminal charges rests with the appropriate [government] officers, not with any private party such as [Plaintiff]."); see also Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990) ("No citizen has an enforceable right to institute a criminal prosecution.").

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Recommendation (Doc. 2) is **ADOPTED**. **IT IS FURTHER ORDERED** that this action is dismissed without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, correcting the defects set out in the Recommendation.

**IT IS FURTHER ORDERED** that the Clerk is directed to also send Plaintiff § 2254 forms.

A Judgment dismissing this action will be entered contemporaneously with this Order.

This the 25th day of August, 2016.

　　　　　　　　　　　　　　／s／ William L. Osteen, Jr.
　　　　　　　　　　　　　　United States District Judge